UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSHUA FRANKLIN,

    Plaintiff,

v.                                         Case No. 4:20-cv-550-MW/MJF

FERGUSON and DEBOSE,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This cause is before the court on Plaintiff's complaint. (Doc. 1). For the reasons stated below, the undersigned respectfully recommends that this case be transferred to the United States District Court for the Middle District of Florida based on venue considerations.[1]

## I. BACKGROUND

Plaintiff, proceeding *pro se*, is an inmate of the Florida Department of Corrections ("FDC") confined at Suwannee Correctional Institution. Plaintiff commenced this action by filing a hand-written document titled "42 U.S.C. § 1983 Civil Rights Action." (Doc. 1). Plaintiff names as Defendants two FDC officials that

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

work at the Suwannee Correctional Institution: Officer Ferguson and Sergeant Debose. (Doc. 1 at 2).

On November 17, 2020, Plaintiff purportedly informed Officer Ferguson that he did not have a bedroll and requested one. (*Id.* at 3). Officer Ferguson denied Plaintiff's request. (*Id.*). Later, Plaintiff again asked Officer Ferguson for a bedroll. Officer Ferguson refused to provide a bedroll and allegedly threatened Plaintiff. (*Id.*). Defendant Debose also refused to provide Plaintiff with a bedroll despite the cold temperature of Plaintiff's cell. (*Id.*).

The next day, Plaintiff requested grievance forms so that he could write a grievance about Defendant Ferguson and Debose. (*Id.*). Later that evening, Defendant Ferguson refused to let Plaintiff shower, purportedly in retaliation for Plaintiff's attempt to file a grievance against Ferguson and Debose. (*Id.* at 4). Plaintiff asserts that Defendants' conduct violated the First, Eighth, and Fourteenth Amendments of the United States Constitution.

## II. DISCUSSION

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

>or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*.

When a civil action is brought in the wrong forum, the district court may transfer it to the proper forum. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The decision to transfer an action is left to the "sound discretion of the district court . . . ." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").

In this case, Plaintiff asserts that Defendants' conduct occurred at the Suwannee Correctional Institution, which is located in Suwannee County, Florida. Suwannee County is located in the Middle District of Florida. Thus, any witnesses

and evidence which might support Plaintiff's claims likely would be found in the Middle District of Florida. The Plaintiff is incarcerated in the Middle District of Florida, the Defendants work at a correctional facility in the Middle District of Florida, and the Defendants also likely reside in the Middle District of Florida. Accordingly, the proper venue for this action is the Middle District of Florida, and not the Northern District of Florida. Because the proper venue for this action is the Middle District of Florida, it is in the interest of justice to transfer this case to that forum.

### III.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS**:

1. This case be **TRANSFERRED** to the United States District Court for the Middle District of Florida.

2. The clerk of the court close this file.

At Panama City, Florida this 30th day of November, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not**

**control.** **An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**